```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OSVALDO VASQUEZ, pro se,

                Plaintiff,
        -against-                                          **MEMORANDUM AND ORDER**
                                                              09-CV-1680 (DLI)(LB)
JOHN GOTTI, JR.; AMKC-95;
COMMISSIONER GOORDE,

                Defendants.
-----------------------------------------------------------X
```
DORA L. IRIZARRY, United States District Judge:

On April 22, 2009, *pro se* plaintiff Osvaldo Vasquez, currently incarcerated at Sing Sing Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and dismisses the complaint for the reasons set forth below.

Background

Plaintiff brings this action against John Gotti, Jr., AMKC-95 , which refers to the Anna M. Kross Center ("AMKC"), a jail facility located on Rikers Island, and Commissioner Goord. Plaintiff's entire statement of claim consists of the following: "I have been in danger in the streets and the department of corrections and have been extorted by these perpetrators. My legal does not go out and my account gets drain." (Compl. at 4, ¶ IV.) Plaintiff further alleges that "I am almost blind from poison food stricknine in my food and was also shot by corrupt police." (*Id*. at ¶ IV.) Plaintiff seeks "clean food and P[rotective] C[ustody] and my legal mail to go out." (*Id*. at 5, ¶ V.) Attached to the complaint, plaintiff includes his recent commitment form dated April 15, 2009, which indicates that he should be held in protective custody, (Compl., Ex. A), and a separate statement outlining purported corruption at Rikers Island. (*Id*., Ex. B.) In 2003, plaintiff filed a similar action against John Gotti, Jr., among others, that was dismissed for failure to state a claim. *See Vasquez v. Narcotics Squad*, *et al*., No. 03-CV-5651(ERK)(LB), slip op. (E.D.N.Y. Nov. 24,

2003).

## Standard of Review

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, the court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

A claim is "frivolous" if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law, or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). As plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Discussion

A.  *Res Judicata*

Under the doctrine of *res judicata*, or claim preclusion, "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005); *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. *Channer v. Department of Homeland Security*, 527 F.3d 275, 280 (2d Cir. 2008). The doctrine of *res judicata* permits the *sua sponte* dismissal of the instant action. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (A district court has the power to dismiss *pro se* complaints *sua sponte* on *res judicata* grounds.), *cert. denied*, 510 U.S. 902 (1993).

In 2003, plaintiff filed a prisoner's civil rights action against John Gotti, Jr. and other defendants in which he made the same allegations of corruption and interference with legal mail and food. At that time, plaintiff was incarcerated at Clinton Correctional Facility. *See Vasquez*, No. 03-CV-5651(ERK)(LB), slip op. at 2-3 (E.D.N.Y. Nov. 24, 2003). Although plaintiff is now incarcerated at Sing Sing Correctional Facility on different charges, the majority of the allegations against defendant John Gotti, Jr. remain the same and reflect events that allegedly occurred between 1981 and 2000. (*See* Compl., Ex. B.) Therefore, plaintiff's attempt to relitigate claims that were already decided by this court in the previous action is barred by the doctrine of *res judicata*. *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284-91 (2d Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).

B.     Rikers Island Jail - AMKC-95

In addition to John Gotti, Jr. and Commissioner Goord, plaintiff also names the AMKC. This defendant is part of the New York City Department of Correction, an agency of the City of New York, and cannot be sued independently. *Lauro v. Charles*, 219 F.3d 202, 205 n.2 (2d Cir. 2000); *Davis v. Lynbrook Police Dep't,* 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); *Bailey v. New York City Police Dep't*, 910 F.Supp.116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396. Thus, to the extent plaintiff names a defendant not barred by the doctrine of *res judicata*, defendant AMKC-95 is nonetheless dismissed from this action pursuant to 28 U.S.C. § 1915A(b).

C.     Conditions of Confinement

Plaintiff also makes new allegations of food tampering and interference with legal mail while detained at Sing Sing Correctional Facility. The United States District Court for the Eastern District of New York is not the appropriate court with which to file these claims. 28 U.S.C. § 1391(b). Sing Sing Correctional Facility is located in Westchester County in the Southern District of New York. 28 U.S.C. § 112(a). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court declines to transfer this case as it would not be in the interest of justice to effect such a transfer. Plaintiff is advised that any further claims arising from his confinement at Sing Sing Correctional Facility must be filed in the United States District Court for the Southern District of New York after he has exhausted all available administrative remedies pursuant to 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 522 (2002).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed based on the doctrine of *res judicata* and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The court has found no basis for directing plaintiff to amend this complaint. *See Cuoco*, 222 F.3d at 112. The dismissal, however, with respect to any causes of action relating to the conditions of confinement at Sing Sing Correctional Facility is without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 23, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge